UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Anthony Shy, | ) | C/A No. 2:16-cv-02456-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Nancy A. Berryhill, Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a final decision on the Commissioner of Social Security ("Commissioner")

denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSA") under the Social Security Act.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon

Baker for pre-trial proceedings and a Report and Recommendation ("Report").  On December 28,

2017,[1] the Magistrate Judge issued a Report recommending that the Commissioner's decision be

affirmed.  ECF No. 31.  On February 12, 2018, Plaintiff filed objections to the Report.  ECF No. 39.

The Commissioner filed a Reply on February 22, 2018.  ECF No. 40.  For the reasons stated below,

the Court adopts the Report and affirms the decision of the Commissioner.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the Court.

*See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo

_____

[1]The Magistrate inadvertently failed to include a Notice of Right to File Objections when
the Report was initially sent to Plaintiff.  Accordingly, the Report was remailed on January 19,
2018, with the Notice.

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

**BACKGROUND**

Plaintiff applied for DIB and SSI on June 6, 2012. Plaintiff's applications were denied initially and upon reconsideration. On November 6, 2013, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ explained how to obtain legal counsel to Plaintiff and continued the hearing to allow Plaintiff an opportunity to retain representation. On March 19, 2014, the hearing was reconvened and Plaintiff waived his right to be represented. The ALJ denied Plaintiff's claims in a decision dated August 5, 2014, finding that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action on August 7, 2016.

**DISCUSSION**

The only issued raised in Plaintiff's brief and in his objections is the allegation that Plaintiff was not able to enter all of his medical evidence in the record. The Magistrate Judge recommends that the Court affirm the Commissioner's decision because Plaintiff failed to show that the ALJ's development of the record resulted in any unfairness or prejudice. Upon review of the Report, the record, and the applicable law, the Court agrees with the Magistrate's analysis of this issues and incorporates by reference her discussion of Plaintiff's allegation. Accordingly, the Court overrules Plaintiff's objection, adopts and incorporates the Report and Recommendation of the Magistrate Judge, and affirms the decision of the Commissioner.

IT IS SO ORDERED.

March 22, 2018                                         s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina                    United States District Judge


**NOTICE OF RIGHT TO APPEAL**


       The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.